Kaur v. Mukasey, No. 570816. Good morning, if you may please the Court. Gurish Srin, on behalf of Pramila Kaur, in this matter, the only decision for this Court to review is the Immigration Judge's decision. The BIA affirmed it, and the Immigration Judge originally found my client to be consistent and under the standard of credibility. She made that with the test of the Ninth Circuit that she was credible. However, then she went on the other side of the pendulum and stated on her speculation and conjecture that this was a fabricated claim. The Immigration Judge had no basis for that. The corroboration, the statements of Ms. Kaur were consistent with her application and with her claim. Her corroboration was from a medical doctor that clearly indicated she had been raped. When she looked down, that wasn't indicating a fabricated claim, but the judge clearly states, as a woman, I can understand that, because she understood Ms. Kaur was humiliated, embarrassed, and in shame. She wasn't evasive, and she wasn't making up her claim. And to come to that conclusion without any facts, without any documents to show that any of the corroborating documents were false or fabricated is basically based on speculation, and it should be overturned. Thank you. Thank you, counsel. Good morning. May it please the Court, Joan Smiley from the Department of Justice here on behalf of the Attorney General. The judge's adverse credibility finding in this case is supported by reasonable and substantial evidence in the record. To reverse, this Court would have to find that the evidence compels a contrary determination. Case law from this circuit has held that the Court should not reverse if it simply disagrees with the Immigration Judge's evaluation of the facts or if it considers the Allianz case persuasive. The highly deferential standard of review calls for special deference to the Immigration Judge. Does that mean, as applied to this case, that we have to say that the evidence compels a finding that the Petitioner was credible? Yes, Your Honor. And again, the Court has found over and over again that the Immigration Judge's evaluation of the facts or if it considers the Allianz case persuasive is supported by reasonable and substantial evidence in the record. The Court would have to find that the evidence compels a finding that the Petitioner was credible. The Court would have to find that the Petitioner sees the witness, hears the testimony and evaluates it. But then can't we just say, therefore, the testimony must be true, or do we just say there's no reason to disbelieve it? Well, again, there is the special deference that is owed to the Immigration Judge. There's no presumption at the start of a hearing. I believe that was your question, by the Immigration Judge, that, you know, I'm going to be exposed to find this person credible or not credible. The determination is based on the evidence in the record, the testimony that's given at the hearing. False statements and inconsistencies that occur at a hearing are typically viewed in light of all the evidence presented, and that's the Cower case that we've cited in our brief, the one that's at 379 F. 3rd. Was there anything besides the sort of hesitancy and what the judge felt was evasiveness when talking about the rape? And while I suppose the judge mentioned a lack of detail about the room where it occurred or something like that. Yes. There were actually five reasons given by the Immigration Judge. But on the subject of evasiveness, she, she being the Immigration Judge, found that the, Ms. Cower's demeanor was evasive, for instance, when she was answering or being asked innocuous questions. She appeared to be evasive to the judge. She was unresponsive, unable or unwilling to answer questions. She was vague about her membership in the Syngman party. She seemed to know very little about the party when she was asked questions about her two memberships in the party. The existence of her marriage was questioned by the Immigration Judge. As the record reflects, the passport that she got, she obtained as a single woman. But wasn't, wasn't that issued or applied for before she got married? I believe the record indicates it was issued one day before she was married, yes. I think she was a single woman. There was no documentary evidence submitted when the judge looked for it, such as a marriage certificate, photographs of the wedding. And because the husband's political party activity was so central to her claim, that information was sought to determine whether the existence of the marriage really was real or was she not married. Further, the third reason she could not discuss or would not discuss what anything about what had happened to her in the police station, this after the Immigration Judge indicated that she understood that it was a delicate situation, but she needed to ask her some questions to verify the claim. Ms. Cower gave no response at all when she was asked about the details. Furthermore, the fourth reason, there were inconsistencies concerning her husband's whereabouts. Again, the husband was a central part of her claim because of his alleged political activity. First, she stated that she had not communicated with him at all since she left Delhi, India. Then later, she said that she had received materials for him. On cross-examination, she indicated that she wasn't sure if the material had been sent from him or from his parents, perhaps. There were also minor inconsistencies in a few of the dates that the judge mentioned as part of her findings. Furthermore, the fifth reason that the judge gave for the adverse credibility finding was the background information submitted simply did not corroborate her claims that members of the Singman party or other political groups in the Punjab were mistreated in 2001 and 2002, which was central to Ms. Cower's claim. As this Court has found, where other indications of dishonesty are present in the record, it supports an adverse credibility finding, and that's what occurred in this case. There were other indications of dishonesty. And as the Court has also found in Lee v. Ashcroft and Wang v. INS, if some of the factors that the judge relied on are unsupported or possibly irrelevant, as long as one of the grounds is supported by substantial evidence and goes to the heart of the asylum claim, the Court should accept the adverse credibility finding. On that basis — And which is the one that you would rely on? Well, all of them, I think, could be relied on. All five of them that I mentioned are substantial. However, if the Court disagrees and reverses the adverse credibility finding, then it must remain for the Board to determine in the first instance whether Ms. Cower is responsible for established persecution, and that's under INS v. Ventura. If the panel has no further questions, the government would rely on its brief. Thank you very much, counsel. Thank you. You had eight minutes left. Thank you very much, Your Honor. I want to start from the last point. The judge had no basis to rely on any evidence. She has no basis to make any adverse credibility. Looking at the State Department report, it states specifically the United States Department of State, rape occurs consistently throughout India by the police. The police don't report it. They enjoy it. They brutalize these individuals. It's mentioned there. They make reports to get money from individuals, and that's what they specialize. Page after page verifies that. When the judge states my client doesn't show proof, it is not supported by substantial evidence. Communication my client understood was when she spoke to her husband was the last day when she fled India. As a true refugee, she was classified as a refugee in Canada. She entered the United States without any documents and filed for sanctuary, as a true refugee would have in this situation, and to state that basically somebody sent her documents from India with her husband's name on it is communication is not fair. She clearly states there's no letter. She doesn't know where her husband is, whether he's abandoned her because of the rape or what happened. Her claim is based on herself, not on her husband's claim. She was brutalized as a woman in an Indian prison. She has a medical record to validate that, indicate that. She has proof from an individual over here that she is a member of a political party. The judge decided to ignore it, showing her bias, showing her speculation, basically. And if this Court does remand it, it should grant my client asylum because the judge said this is a claim which she agrees with, that the person deserves asylum if the facts are true, and the facts are true. Kennedy. Is there testimony that the people who arrested her even knew she was a member of the party? They stated when they arrested her, we're going to show you Khalistan. The police officers took her from her father-in-law's house, threatened her in a sexual manner, that they were going to show her how they treat a Khalistani woman when she comes to their jail. When the judge said she didn't give the location, she mentioned the police station, she mentioned the location where she was taken, and she specifically mentioned the room. Now, she didn't describe any kind of curtains in the room. She didn't describe any bed in the room because there weren't any. That was where she was brutalized and sexually assaulted, and she said so. When she was asked, were you harmed, she said yes. When she said, were you injured, she said yes. So when they asked her to describe the rape, she looked down. Thank you. Thank you. Thank you, counsel. You'll represent me when I leave here. All right. Thank you. Okay. Kaur v. McCrazy will be submitted.
judges: Canby, Wardlaw, Trager